IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNNY HART,                                            CV 06-633-MA

          Plaintiff,                        OPINION AND ORDER

   v.

JO ANNE B. BARNHART, Commissioner
of Social Security,


          Defendant.

   **RORY LINERUD**
   PO Box 1105
   Salem, OR  97308
   (503) 587-8776

       Attorney for Plaintiff

   **KARIN J. IMMERGUT**
   United States Attorney
   **NEIL J. EVANS**
   Assistant United States Attorney
   1000 S.W. Third Avenue, Suite 600
   Portland, OR  97204-2902
   (503) 727-1053

   **LEISA A. WOLF**
   Special Assistant United States Attorney
   Social Security Administration
   701 5th Avenue, Suite 2900 M/S 901
   Seattle, WA  98104-7075
   (206) 615-3621

       Attorneys for Defendant

**MARSH, Judge:**


1- OPINION AND ORDER

## INTRODUCTION

Plaintiff, Johnny Hart (Hart), brings this action for judicial review of a final decision of the Commissioner of Social Security, dated February 23, 2006, denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act) and supplemental security income (SSI) under Title XVI of the Act.  See 42 U.S.C. §§ 401-33, 1381-83f.  This court has jurisdiction under 42 U.S.C. § 405(g).

Hart applied for disability on September 14, 2000, alleging he became disabled on May 31, 2000, due to a combination of cervical degenerative disk disease, a past spinal fracture, a past arm fracture, fatigue, vomiting, pain, dizziness, and a personality disorder.  He was 48 years old at the time he allegedly became disabled, with a GED and past work in the timber industry, and as a motor home sub-assembler and apartment manager/maintenance worker.

The Commissioner's first final decision, denying Hart's application, was reversed and remanded for further proceedings, by order of this court dated December 8, 2003.  Accordingly, the ALJ convened a second hearing on October 18, 2005, which Hart did not attend.  The ALJ determined that Hart was not an essential witness as he had previously testified at the hearing on March 18, 2002, and this court found no error with the ALJ's assessment of Hart's testimony.  On February 23, 2006, the ALJ issued a

2- OPINION AND ORDER

decision finding Hart not disabled, and on March 4, 2006, the Appeals Council declined review, making the ALJ's decision final.

On appeal to this court Hart alleges the ALJ erred by: (1) failing to develop the record regarding Hart's claimed gastrointestinal problems; and by (2) failing to pose a complete hypothetical question to the vocational expert (VE) at step five of the sequential evaluation, and relying on inaccurate VE testimony. He argues that his impairments, in combination, are disabling, and that this case should be remanded for further proceedings.

The Commissioner maintains that her final decision was based on substantial evidence and should be affirmed.

For the reasons that follow I agree with the Commissioner. Her decision is AFFIRMED and this case is DISMISSED.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## **DISABILITY ANALYSIS**

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

4- OPINION AND ORDER

Here, at step one, the ALJ found that Hart had engaged in substantial gainful activity, in 2002, after his alleged onset date. See 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the ALJ found that Hart had "severe" degenerative disc disease, a history of gastrointestinal problems with an undetermined etiology, a history of substance abuse, depressive disorder and a personality disorder. See 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the ALJ found Hart's impairments did not meet or equal the requirements of a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.1520(d).

The ALJ assessed Hart with the residual functional capacity (RFC) to perform light work, limited by: the inability to hold his neck "in a position of extension", the need for a sit/stand option, no ability to interact with the public, and the need for only simple, routine work. See 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945; see also Social Security Ruling (SSR) 96-8p.

At step four, the ALJ found Hart was not able to perform his past relevant work. See 20 C.F.R. §§ 404.1520(f), 416.920(f).

At step five, the ALJ determined that Hart remained capable of performing other work existing in significant numbers in the national economy, such as small products assembler and optical

5- OPINION AND ORDER

polisher. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

## **DISCUSSION**

### I.  The ALJ's duty to further develop the record was not triggered.

Hart alleges the ALJ erred by failing to develop the record regarding his gastrointestinal condition, which he claims violates a mandate in an unspecified footnote of SSR 96-7p. The Commissioner contends the ALJ's duty to further develop the record was not triggered. I concur with the Commissioner.

The ALJ thoroughly reviewed all medical evidence of gastrointestinal problems and concluded, as did at least one of Hart's treating physicians, that Hart's subjective reports were out of proportion to the objective medical findings. Ultrasound and other tests did not uncover the etiology of Hart's complaints. The ALJ noted that Jane Neal, M.D., performed a physical residual functional capacity assessment of Hart in November 2000, and concluded that Hart's abdominal problems were not severe because he had not suffered any weight loss and his complaints improved with medication and would improve further with lifestyle changes, such eliminating greasy food, coffee and alcohol from his diet.

It also bears noting that this court previously affirmed the ALJ's rejection of Hart's credibility. Among the ALJ's reasons for questioning Hart's subjective complaints were his ongoing abuse of illegal substances, collection of unemployment benefits after his alleged onset of disability, substantial gainful activity after his alleged onset of disability, activities of daily living inconsistent with the degree of disability alleged, and failure to follow prescribed medical treatment.

The regulations clearly state that the burden is on the claimant to provide medical evidence of disability. 20 C.F.R. §§ 404.1512(c), 416.912(c). Sections 404.1512(d)(1) and 416.912(d)(1) state that the ALJ will help the claimant obtain medical reports by making an initial request and one follow-up request. If the evidence provided by a claimant's medical sources is inadequate for the ALJ to determine whether a claimant is disabled, or if the evidence provided by a claimant's medical source "contains a conflict or ambiguity" that cannot be resolved by reference to other evidence in the record, the ALJ will recontact that medical source. 20 C.F.R. §§ 404.1512(e), 416.912(e); Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). Sections 404.1513(b)(6) and 416.913(b)(6) also state, "Although we will request a medical source statement about what

7- OPINION AND ORDER

you can still do despite your impairment(s), the lack of the medical source statement will not make the report incomplete."

Based on the ALJ's finding that the objective medical evidence did not substantiate Hart's subjective complaints, I reasonably infer that the ALJ found no need to recontact Hart's medical providers regarding his gastrointestinal condition because the evidence they furnished did not contain any conflicts or ambiguities. See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989)(stating the court may draw specific and legitimate inferences from the ALJ's decision). Accordingly, I do not find any merit to Hart's claim that the ALJ erred in the development of the record.

## II. The ALJ's residual functional capacity assessment and step five finding were based on substantial evidence.

According to Hart, the ALJ failed to meet his burden, at step five, because he posed an incomplete hypothetical question to the vocational expert (VE) and relied on allegedly erroneous VE testimony. The Commissioner avers that the ALJ properly assessed Hart's RFC, and included in his hypothetical all limitations supported by the record.

At step five of the sequential evaluation, the Commissioner must show that the claimant can do other work which exists in the national economy. Andrews, 53 F.3d at 1043. One way the

8- OPINION AND ORDER

Commissioner can satisfy this burden is by eliciting testimony from a VE to determine whether jobs exist in the national economy that the claimant can perform despite his limitations and restrictions. Tacket, 180 F.3d at 1103-04.

While a VE may be used to provide more specific information about the requirements of a particular job as it is performed in a particular setting, the ALJ relies primarily on the Department of Labor publication Dictionary of Occupational Titles (DOT) including its companion publication, Selected Characteristics of Occupations, for information about the requirements of work. 20 C.F.R. Part 404, Subpart P, Appendix 2 § 200.00(b); see also SSR 00-4p. These references classify occupations by exertional level, as defined in 20 C.F.R. §§ 404.1567, 416.967, and by skill level, as defined in 20 C.F.R. §§ 404.1568, 416.968.

If the VE's testimony conflicts with the DOT's statement about the requirements of a given job, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE. See SSR 00-4p.

Here, the ALJ asked the VE to consider whether a hypothetical worker with Hart's age, education, past work experience, and the RFC reflected in "Exhibit 10F" could perform work. "Exhibit 10F" is the most recent assessment of Hart's RFC, performed by Charles Spray, M.D., in March 2001, which the ALJ

9- OPINION AND ORDER

explicitly adopted as his own. That assessment included a neck positioning limitation, and a reaching limitation. The VE testified that this hypothetical worker could work as a small products assembler, and an optical polisher. The transcript indicates that the VE listed the DOT numbers for those jobs as 730.687-030 and 731.684-038, respectively. However, this was either an error on the VE's part, or on the part of the transcriber, because the correct codes for these jobs are 7*39*.687-030 (Assembler, Small Products II), and 7*13*.684-038 (Polisher, Eyeglass Frames).

According to Hart, the VE's testimony could not be relied upon because the DOT codes were inaccurate, and because Hart believes the jobs identified cannot be performed by someone with a neck positioning restriction. Hart argues that even though the ALJ asked the VE to use the limitations in "Exhibit 10F," the VE ignored the neck positioning limitation, evidenced by her failure to mention it, while specifically stating that the jobs could still be performed with an overhead-lifting limit. Finally, Hart argues that the ALJ should have included unspecified limitations caused by his gastrointestinal problems in the RFC assessment and hypothetical question.

I do not find any merit to these arguments. Beginning at the end, no limitations associated with Hart's gastrointestinal

10- OPINION AND ORDER

condition were assessed by any physician, so the ALJ properly did not include any. There isn't any reason to believe that the ALJ ignored the neck positioning limitation, either. Though one number was wrong in the small products assembler code, and two numbers transposed in the eyeglass frames polisher code, I do not find a conflict between the VE's testimony and the DOT regarding the requirements of these jobs. The VE correctly identified these jobs by name, and may have correctly identified them by number, too, as a transcription mistake could easily account for the variance.

Accordingly, I find the ALJ properly accounted for Hart's limitations that were supported by substantial evidence in the record, and rejected those that were not, in posing the hypothetical question to the VE. See <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Thus, the VE's responses to this question were reliable, and were properly adopted by the ALJ to find Hart remains capable of performing a significant number of jobs in the national economy.

## **CONCLUSION**

Based on the foregoing, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 22 day of January, 2007.

                                            Malcolm F. Marsh
                                            United States District Judge